IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,    :

    Plaintiff,    :

  v.    :    Case No. 2:07-cr-0099 (7)

Matthew Mayhew,    :    JUDGE MARBLEY

    Defendant.    :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court on May 15, 2007, following his arrest on a bench warrant for failure to appear at his arraignment.  Earlier, the Pretrial Services officer assigned to Mr. Mayhew's case had asked that his bond be revoked because he had never bothered to report to Pretrial Services and because that office's efforts to reach him were unavailing.  Additionally, he had not kept in touch with his attorney.  Based on that report, the Court conducted a hearing to decide whether to release him on bond again or to detain him pending trial.

    Pretrial Services Officer Jennifer Chadwick testified at the hearing.  She told the Court that Mr. Mayhew had been given written instructions, handed to him personally by Pretrial Services Officer Julie Schram, to contact their office on April 23, 2007.  He did not do so.  Ms. Chadwick called and left him a voicemail on his personal phone and also called his workplace, but never got an answer there.  When he did not respond to the voicemail, she sent him a certified letter.  He got that letter on the day of his arraignment.  He telephoned Ms. Chadwick and left a voicemail saying that he didn't want to be arrested and that he would call back to make arrangements to report to her.

The next contact anyone from the Court had with Mr. Mayhew was a week later when the Marshals arrested him on the bench warrant. They found three marijuana plants growing in his bedroom. Mr. Mayhew has a long history of abuse of various substances, including marijuana. Although Mr. Mayhew's attorney offered some explanations for Mr. Mayhew's multiple violations of his conditions of release, no one disagreed that violations occurred.

When a defendant violates conditions of release, the Court is required to detain that defendant pending trial if the Court concludes that "the [defendant] is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. §3148(b). Mr. Mayhew's counsel suggested that the Court release Mr. Mayhew on electronic monitoring and that he be required to live with his mother, with whom he has had minimal contact for several years. Given the immediate and serious violations which occurred here, the Court finds that it is unlikely that those additional conditions would cause Mr. Mayhew to comply with a release order. He clearly chose to avoid reporting to Pretrial Services and did not communicate with his attorney, knowing that these failures would likely cause him to miss a court appearance without justification - something the Court told him at his initial appearance was not only a bond violation but a separate crime - and even after he made one effort to contact Pretrial Services, he failed to follow up, causing the Court to issue a warrant and the Marshals to arrest him. The presence of marijuana plants in his bedroom suggests that at least part of his motivation for not reporting was to be able to continue to abuse controlled substances without fear of detection or the benefit of counseling or treatment. Overall, his noncompliance with bond conditions (which the Court explained directly to him in great detail at his initial appearance) was so immediate and so complete that it is simply unlikely that, were he given

another chance to be released under similar conditions, he would comply. For that reason, the Court revoked his conditions of release and ordered him held without bond.

The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                       /s/ Terence P. Kemp
                                       United States Magistrate Judge